## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SHERRIANN GAYMAN, by and through BARBARA LANE and CELESTE RIVERA her personal representatives | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-10-292-L ) |
| (1) BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF POTTAWATOMIE, et al. | ) ) ) |
| Defendants. | ) |

## AMENDED PETITION

COMES NOW the Plaintiff, Sherriann Gayman, through her personal representatives, Barbara Lane and Celeste Rivera, and for her Petition against Defendants, above named, alleges and states the following:

## PARTIES

1.      Plaintiff, Sherriann Gayman (hereinafter referred to as "Gayman"), was a resident and citizen of Shawnee, Pottawatomie County, Oklahoma and was at all times pertinent to this matter.

2.      Defendant, Board of County Commissioners of the County of Pottawatomie (hereinafter referred to as "County Commissioners"), is a public entity located in Shawnee, Pottawatomie County, Oklahoma, and can be served with Summons and Process by serving the Pottawatomie County Clerk at 325 N. Broadway, P.O. Box 576, Shawnee, Oklahoma 74801-0576.

3.      Defendant, Pottawatomie County Public Safety Center Trust, (hereinafter referred to as "Safety Center"), is a public entity located in Shawnee, Pottawatomie County, Oklahoma, and can be served with Summons and Process by serving its Executive Director, at 14101 Acme Road, Shawnee, Oklahoma 74804.

4.     Defendant, Rod Bottoms (hereinafter referred to as "Bottoms") was at all times pertinent hereto, the Director of the Safety Center and can now be served at 2640 Parson Lane, P.O. Box 217, Taylor, AZ 85939.

5.     Defendants John Doe numbers one (1) thru five (5) are believed to be employees of the Pottawatomie County Public Safety Center, and Members of the Board of the Pottawatomie County Public Safety Center Trust at all times pertinent to this action and proper citation, Summons and Process will be requested once their full names and addresses are ascertained through discovery.

6.     The Court has jurisdiction over this matter because the relief sought is within the jurisdictional limits of this Court.  Furthermore, this Court is the proper venue for this cause of action because the incident forming the basis of this suit occurred in whole or in part in Pottawatomie County, Oklahoma.

7.     Venue is proper in Pottawatomie County because at all times pertinent to the incident forming the basis of this suit, Defendants were residents and citizens of Pottawatomie County, Oklahoma.

8.     This matter was previously filed within the statute of limitations (Pottawatomie District Court Case Number: CJ-2008-335, filed on 3/3/2008) and voluntarily dismissed (12/18/2008).  It was refiled within one year under the Oklahoma Savings Statute, 12 O.S.§100 (Pottawatomie District Court Case Number: CJ-2009-1733, filed on 12/18/2009).

9.     That on or about February 27, 2006, Plaintiff "Gayman" was incarcerated in the "Safety Center" for warrants issued by the City of Shawnee, Oklahoma.

10.     That at the time of her incarceration, Plaintiff "Gayman" suffered from diabetes.

11.     That Plaintiff while incarcerated in the "Safety Center", was denied medication for an extended period of time, specifically she was not given her insulin.

12.     That subsequently "Gayman" became extremely ill with temperatures well in excess of one hundred degrees (100º)  for several days.

13.     That medical attention was not sought for "Gayman" until March 6, 2006.

14.     That the "Safety Center" refused to seek medical attention for "Gayman" and failed to adequately monitor "Gayman" until she was found unconscious and hypotensive.

15.    That by the time the "Safety Center" sought medical attention, "Gayman's" illness had progressed to the point she could not be saved and she passed away on March 7, 2006.

16.    That in the accordance with "Safety Center" standard operating procedure, Defendant "Safety Center's" employees acted with deliberate indifference to the health, safety and welfare of "Gayman" which was a direct cause of the "Gayman's" death on March 7, 2006.

## FIRST CAUSE OF ACTION WRONGFUL ARREST IN VIOLATION OF CIVIL RIGHT

17.    Paragraphs 1 through 16 are incorporated herein and made part hereof as if again set forth in full.

18.    Pursuant to the United States Constitution, U.S.C. Title 42 sec. 1983, the constitution of the State of Oklahoma, 51 O.S.A. sec. 151 et seq., Defendants owed the Plaintiff the duty to secure her safety while in their custody.  Further, Defendants acted with deliberate indifference to "Gayman's" health and welfare in their actions and duties as elected officials and governmental employees.  Further, the Defendant's actions were the direct and foreseeable cause of the Plaintiff's death on March 7, 2006.

19.    Further, the "County Commissioners", "Bottoms" and Defendant John Doe's, were acting in their capacity as employees and/or agents and/or supervisors or directors for Pottawatomie County and/or the "Safety Center".  Therefore, their actions may be lawfully imputed upon Pottawatomie County, the "County Commissioners", the "Safety Center" and "Bottoms", through the doctrine of Respondent Superior.

20.    "Gayman's" death on March 7, 2006 was proximately caused by the Safety Center's deliberate refusal to act promptly in seeking medical treatment for her condition.  Further, the actions of the "Safety Center's" employees and/or supervisors were in conformity with longstanding practices and/or policies of the "Safety Center".  Importantly, these practices are known or should be known to all defendants named herein.  Further, that the actions of the named Defendants constituted a clear violation of "Gayman's" civil rights as enumerated above.

## DAMAGES

21.    Paragraphs 1 through 20 are incorporated herein and made part hereof as if again set forth in full.

22.     Injuries suffered by Plaintiff as a result of the actions of the Defendants, include, but are not limited to the following damages:

      a.     Reasonable medical expenses in the past;

      b.     Burial expenses;

      c.     Physical pain and suffering in the past;

      d.     Loss of Household Services in the future;

      e.     Loss of future income.

23.     The amount in controversy in this case is in excess of Fifty Thousand ($50,000.00) dollars.

## EXEMPLARY DAMAGES

24.     Defendant's specific acts or omissions, which when viewed objectively from the standpoint of the Defendants at the time of the occurrence, involved and extreme degree of indifference, considering the probability and magnitude of the potential harm to others; and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of the Plaintiff.

25.     By reason of all the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiff sues for exemplary damages in an amount to be determined at trial.

## ATTORNEY'S FEES

26.     Pursuant to U.S.C. tit. 42 sec. 1983 Plaintiff would show that because of the conduct exhibited by Defendants, Plaintiff was forced to employ Cregg Webb, an attorney licensed to practice law in the State of Oklahoma, to represent her in this matter so as to protect her interests.  Plaintiff has agreed to pay reasonable attorney fees for Mr. Webb's services rendered and to be rendered on Plaintiff's behalf. Plaintiff prays that attorney's fees be assessed against Defendants for the use and benefit of Crebb Webb.

      WHEREFORE, Plaintiff prays this honorable court conduct a hearing on this matter, grant Plaintiff a money judgment against Defendants, jointly and severally, for all the aforementioned damages, punitive damages, attorney's fees and all other

ancillary and incidental relief to which the Plaintiff may be entitled as is warranted by evidence and circumstances presented.

Respectfully submitted,

/s Cregg Webb
Cregg Webb, OBA No. 17366
Haselwood & Webb
400 North Broadway
Shawnee, Oklahoma 74801
Telephone: (405) 273-2332
Facsimile:   (405) 273-2334
E-mail:  cregg22002@yahoo.com

Attorney for Plaintiff